# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MONICA SWIFT MANNING, in the Interest of R.M. and E.S., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-786 CAS |
| MISSOURI DEPARTMENT OF EDUCATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Monica Swift Manning's motion for leave to proceed in forma pauperis. The Court has reviewed the financial information plaintiff submitted in support of the motion, and has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. 28 U.S.C. § 1915. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1981, alleging violations of her children's rights. Named as defendants are the Missouri Department of Education[1] and four individuals: Dave Gerber, Donna Cash, Maureen Clancy Mae, and Julia Conwell. Plaintiff provides no information regarding whether the four individuals are employed by or otherwise

---

[1] The Court presumes that plaintiff is referring to either the Missouri Department of Elementary and Secondary Education or the Missouri State Board of Education, because there is no Missouri state entity called "Missouri Department of Education."

associated with the Missouri Department of Elementary and Secondary Education or the Missouri State Board of Education. Plaintiff seeks only monetary damages.

For her statement of claim, plaintiff alleges as follows:

In September of 2014 I made Mo. Dept of Education aware of several education concerns I was having with regards to my children E.S. and R.M. These concerns have grown and escalated since that time. With respect to my children I should state now that I claim discrimination on behalf of the Department with regards to their decisions regard the childrens rights [*sic*] pertaining to the Hazelwood School District and their adherence to the McKinney Vento Act. Also with regards to R.M. special education needs."

(Docket No. 1 at 3-4).

The complaint contains no other allegations.

## Discussion

The Court has carefully considered plaintiff's complaint, and has determined that it is subject to dismissal for several reasons.

The complaint is subject to dismissal as to the individual defendants Dave Gerber, Donna Cash, Maureen Clancy Mae, and Julia Conwell because plaintiff does not allege that any of them committed any wrongdoing. In fact, plaintiff does not even mention any of their names in the complaint except to name them as defendants in the caption. All of plaintiff's claims against all of the individual defendants will therefore be dismissed. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

The complaint is also subject to dismissal as to the Missouri Department of Elementary and Secondary Education/ Missouri State Board of Education. Title 42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

To the extent plaintiff claims either state entity violated her children's rights, her cause of action lies in 42 U.S.C. § 1983, not 42 U.S.C. § 1981. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-32 (1989) (Section 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor). Therefore, any claims under § 1981 are subject to dismissal.

Even if plaintiff had pled her claims under § 1983, any claims against the Missouri Department of Elementary and Secondary Education or the Missouri State Board of Education would be subject to dismissal because they are barred by the Eleventh Amendment to the United States Constitution. Plaintiff herein seeks only monetary damages. It is well-settled that states, state agencies, and state officials sued in their official capacities are protected from claims for money damages by the Eleventh Amendment, and Congress has not abrogated the state's immunity from suit under 42 U.S.C. § 1983. See Miener v. State of Mo., 673 F.2d 969, 980-81 (8th Cir. 1982) (affirming the district court's dismissal of plaintiff's monetary damages claims against the Missouri State Board of Education and the Missouri State Department of Elementary and Secondary Education on Eleventh Amendment grounds, noting that the Department was created as a wing of the executive branch of state government and therefore any judgments against it would be paid from the state treasury; and that the Missouri State Board of Education shares such immunity).

Liberally construing the complaint, particularly the statement "[a]lso with regards to R.M. special education needs," it appears that plaintiff may be attempting to assert a claim under the Individuals with Disabilities Education Act ("IDEA"). Any claims under IDEA are subject to dismissal because plaintiff seeks only monetary damages, and IDEA does not provide for such relief. See, e.g., Heidemann v. Rother, 84 F.3d 1021, 1033 (8th Cir. 1996); Hoekstra By and Through Hoekstra v. Independent Sch. Dist. No. 283, 103 F.3d 624, 625-26 (8th Cir. 1996). In addition, IDEA requires a parent who is dissatisfied with an educational decision regarding her child to exhaust administrative remedies before proceeding to federal court. 20 U.S.C. § 1415(1); R.N. ex rel. Nevill v. Cape Girardeau 63 Sch. Dist., 858 F.Supp.2d 1025, 1029 (E.D. Mo. 2012). The failure to exhaust administrative remedies is properly treated as a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the case at bar, while plaintiff states that she "made Mo. Dept of Education aware of several education concerns I was having with regards to my children E.S. and R.M." in September of 2014, she provides no information from which the Court can confidently conclude that she exhausted her administrative remedies relative to those concerns before filing the instant case here in federal court. In setting forth a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and the plaintiff's demand for relief. Fed. R. Civ. P. 8(a). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1035 (E.D. Mo. Mar. 4, 2004). To the extent plaintiff can be understood to assert a claim under the IDEA, her complaint is subject to dismissal.

Nor does plaintiff state a claim under the McKinney-Vento Act (hereafter "Act"), 42 U.S.C. § 11431 *et. seq.* The Act permits a student defined as homeless to attend school in the district in which they may reside on a temporary basis. Notably and crucially, plaintiff never articulates that one or both of her children are (or were) in fact homeless – obviously a fundamental element to a claim under the Act. Even if plaintiff had so alleged, she would fail to state a claim under the Act because she fails to set forth any factual allegations whatsoever tending to give rise to entitlement to relief under the Act, such as that her children were denied enrollment into any public school or that there were barriers imposed that impeded enrollment. Because the complaint is devoid of factual allegations tending to plausibly suggest entitlement to relief under the Act, the Court cannot say that plaintiff has provided "enough facts to state a claim for relief that is plausible on its face," Twombly, 550 U.S. at 570, and any claims brought pursuant to the Act are subject to dismissal.

The complaint is also subject to dismissal because plaintiff, a non-attorney, may not represent her children's interests in federal court. Plaintiff is proceeding pro se in this matter, there is no information upon which the Court can conclude that she is a licensed attorney, and the allegations of the complaint are for alleged violations of her children's rights. At the initiation of this lawsuit, the Court noted that plaintiff purported to bring claims on behalf of R.M. and E.S., but that she did not indicate her relationship to them or the reason they could not represent themselves. The Court directed plaintiff to clarify those matters and to file a motion for the appointment of next friend if appropriate. Plaintiff filed such motion, clarifying that she intended to bring claims on behalf of her minor children for alleged violations of their rights, but she included no information indicating that she was a licensed attorney or that she was

represented by an attorney. While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, this right does not extend to representation of one's child. See Osei-Afriyie by Osei-Afriyie v. Medical Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); see also Lawson v. Edwardsburg Pub. Sch., 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, see 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").

On the same date plaintiff filed the instant complaint, plaintiff filed a motion for the appointment of counsel. However, in that motion, she failed to explain in any detail whatsoever the efforts she made to obtain representation by an attorney or why she was unable to obtain such representation. In addition, plaintiff's complaint is subject to dismissal for the myriad of reasons set forth above. Plaintiff's motion for the appointment of counsel will therefore be denied as moot, and she will not be permitted to bring this action on behalf of R.M. and E.S.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint and all of the claims alleged therein against all defendants are hereby **DISMISSED without prejudice**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend is **DENIED** as moot. [Doc. 7]

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

 **CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of October, 2016.